UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO A. JULIO and CLEOPATRA U. JULIO,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ONEWEST BANK, FSB; JOHN AND JANE DOE; CORPORATIONS OR OTHER ENTITIES; and DOES 1-100 inclusive,<br><br>　　　　　Defendant. | Case No.: 14-CV-03059-LHK<br><br>ORDER DISMISSING COMPLAINT |

Plaintiffs Antonio A. Julio and Cleopatra U. Julio ("Plaintiffs") bring this action against OneWest Bank, FSB ("OneWest"). Before the Court is OneWest's motion to dismiss Plaintiffs' Complaint in its entirety. ECF No. 4. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for January 22, 2015, at 1:30 p.m.[1] Having considered the parties' submissions, the record in this case, and the applicable law, the Court concludes that it lacks jurisdiction over this action and therefore Plaintiffs' claims are DISMISSED without prejudice.

---

[1] The Court also CONTINUES the case management conference, currently scheduled for January 22, 2015 at 1:30 p.m., to March 25, 2015 at 2 p.m.

1

Case No.: 14-CV-03059-LHK
ORDER DISMISSING COMPLAINT

## I. BACKGROUND

### A. Factual Background

Plaintiffs are husband and wife, and according to documents attached to their Complaint, residents of Santa Clara County, California. ECF No. 1 ("Compl.") ¶ 1. On December 16, 2003, Plaintiffs executed a deed of trust in connection with a $377,600 loan secured by the property located at 3407 Rio Brave Drive, San Jose, California. Compl. Ex. A ("Deed of Trust"). The Deed of Trust named Seaside Financial Corporation as the trustee, and First Federal Bank of California ("First Federal") as the beneficiary. *Id*. The Deed of Trust was recorded in the Santa Clara County Recorder's Office on December 30, 2003 as instrument number 17551668. *Id*.

On March 29, 2010, First Federal executed a corporate assignment of instrument number 17551668, assigning First Federal's rights to OneWest. *Id.* Ex. C ("Corporate Assignment"). The Corporate Assignment was recorded in the Santa Clara County Recorder's Office on April 26, 2010 as instrument number 20689304. *Id*.

Plaintiffs also attached to their Complaint a substitution of trustee, dated March 4, 2009.[2] *Id.* Ex. B ("Substitution of Trustee"). The Substitution of Trustee pertains to instrument number 18380777, *see id.*, which is not attached to or described in Plaintiffs' Complaint, *see generally* Compl. According to the Substitution of Trustee, New Century Title Company, the original trustee, substituted Regional Service Corporation as the successor trustee under the relevant deed of trust. *Id.* Ex. B.

### B. Procedural Background

On July 3, 2014, Plaintiffs filed the instant lawsuit in this Court. *See* Compl. Plaintiffs assert claims for "illegal recording of substitution of trustee and corporate assignment of deed of trust"; "fraud, misleading, and intentional misrepresentation"; "conspiracy"; and "unfair deceptive business practices act for making a false document." *Id.* at 1. Plaintiffs claim that the Substitution of Trustee was "fabricated, forged, [and] false document." *Id.* ¶ 8. Plaintiffs appear to base this allegation on the fact that the Substitution of Trustee references different parties, such as New

---

[2] The substitution of trustee states that it is effective on March 6, 2009. Compl. Ex. B.

2

Case No.: 14-CV-03059-LHK
ORDER DISMISSING COMPLAINT

1 Century Title Company, than the Deed of Trust.[3] *Id.* ¶ 7. Plaintiffs further appear to allege that because the Substitution of Trustee was fabricated or forged, the Corporate Assignment recorded by OneWest was "illegal." *Id.* ¶ 9. Plaintiffs further allege that a signature which appears on the Corporate Assignment was "no[t] bona fide" and was signed by a robo-signer. *Id.* ¶¶ 11, 15. Plaintiffs also claim that mortgage loans executed in connection with their property were improperly or illegally securitized, and that this improper securitization rendered subsequent transfers of the Deed of Trust invalid. *Id.* ¶¶ 19-21. Plaintiffs cite two statutes in their Complaint as the bases for their cause of action: 18 U.S.C. § 1001, and California's Unfair Deceptive Business Practices Act. *Id.* ¶¶ 8, 23.

On August 14, 2014, OneWest filed the instant motion to dismiss. ECF No. 4. OneWest moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Complaint on the grounds that Plaintiffs fail to allege any actual injury and therefore lack the requisite standing to bring a lawsuit, and that Plaintiffs fail to state any claim for relief. *Id*. at 4-5. In the alternative, should the Court not dismiss Plaintiffs' Complaint, OneWest requests that the Court order Plaintiffs to provide a more definite statement pursuant to the Federal Rule of Civil Procedure 12(e). *Id*. at 5. Plaintiffs filed an opposition to the motion to dismiss on January 14, 2015, more than four months after the August 28, 2014 deadline imposed by Civil Local Rule 7-3(a).[4] ECF No. 25. Because Plaintiffs filed an untimely opposition two days prior to the date of this Order, OneWest has not filed a reply.

---

[3] The Deed of Trust Plaintiffs attach to their Complaint is instrument number 17551668, and was dated December 16, 2003. Compl. Ex. A. According to the plain language of the Substitution of Trustee, the Substitution of Trustee pertained to a different deed of trust, instrument number 18380777, which was executed on a different date, May 9, 2005. *Id.* Ex. B. Plaintiffs either do not notice or do not discuss this discrepancy.

[4] Plaintiffs' opposition does not, by and large, address the substance of OneWest's motion. Indeed, much of Plaintiffs' opposition appears to be directed at arguments not raised by OneWest, or recite facts that are not alleged in either Plaintiffs' Complaint or OneWest's motion. *See* ECF No. 25 at 4 (alluding to "Defendant's defenses under FRCP 9"); *id.* (alluding to "failure of the Plaintiff to plead the full corporate identity of these Defendant has not been prejudicial to the Defendant"); *id.* (alluding to "the fraud that the Plaintiffs' complaint could have occurred at any time during the twenty year period of time she was employed by the defendant.")

Case No.: 14-CV-03059-LHK
ORDER DISMISSING COMPLAINT

## II. LEGAL STANDARD

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Furthermore, "[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir.1995). Leave to amend should be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

### B. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and a cause of action is presumed to lie outside this limited jurisdiction until the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court has a continuing obligation to determine if it has subject matter jurisdiction. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). If a district court does not have proper subject matter jurisdiction, then that district court must dismiss the matter. *Id*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court generally may not rule on the merits of a case without first determining that the court has subject matter jurisdiction. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

4

Case No.: 14-CV-03059-LHK
ORDER DISMISSING COMPLAINT

### III. DISCUSSION

Although Defendants assert several possible grounds for dismissal of Plaintiff's Complaint, the Court does not reach the merits of Defendants' arguments because the Court determines it lacks subject matter jurisdiction over the instant lawsuit.

Pursuant to 28 U.S.C. § 1331, federal courts have so-called federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As previously discussed, Plaintiffs assert claims for "illegal recording of substitution of trustee and corporate assignment of deed of trust"; "fraud, misleading, and intentional misrepresentation"; "conspiracy"; and "unfair deceptive business practices act for making a false document." Compl. at 1. However, Plaintiffs cite to only one federal statute, 18 U.S.C. § 1001, as providing Plaintiffs with a cause of action. *Id.* ¶ 8. Section 1001 is a criminal statute pertaining to the falsification of documents and the making of false statements in matters within the jurisdiction of the federal government. *See* 18 U.S.C. § 1001(a); *United States v. Des Jardins*, 772 F.2d 578, 579 (9th Cir. 1985). There is no private right of action under 18 U.S.C. § 1001. *Murphy v. Bank of New York Mellon*, 2014 WL 4222188, at *5 (N.D. Cal. Aug. 25, 2014). Accordingly, Plaintiffs' claim under 18 U.S.C. § 1001 fails, and Plaintiffs allege no other federal cause of action in their Complaint. Therefore the Court determines that, even under a liberal construction of their Complaint, Plaintiffs fail to establish that federal question jurisdiction exists under 28 U.S.C. § 1331.

The federal courts also have diversity jurisdiction over actions that involve, *inter alia*, citizens of different states. 28 U.S.C. § 1332(a). According to Plaintiffs' Complaint, Plaintiffs are residents of Santa Clara County in California. Compl. ¶ 1. OneWest, as Plaintiffs acknowledge and state in their Complaint, is located at 888 East Walnut Street, Pasadena, California. *Id.* ¶ 3; *see also id.* Ex. C (Corporate Assignment identifying OneWest's address as 888 East Walnut Street, Pasadena, California). Therefore, the instant lawsuit involves two parties that are both residents of California, and diversity jurisdiction cannot provide the basis for Plaintiffs' lawsuit.

5

Case No.: 14-CV-03059-LHK
ORDER DISMISSING COMPLAINT

Plaintiffs have not met their burden to demonstrate federal subject matter jurisdiction exists in this case. Accordingly, the Court DISMISSES Plaintiffs' Complaint. OneWest's motion for a more definite statement is DENIED as moot.

With respect to whether to grant leave to amend, although Plaintiffs assert various causes of action, Plaintiffs fail by and large to state the statutory bases for those allegations. It is possible that Plaintiffs could cure the deficiencies identified in their Complaint by, for instance, pointing to a federal statute that would provide the foundation for at least one of their asserted causes of action. Accordingly, the Court dismisses Plaintiffs' Complaint with leave to amend.

## IV. CONCLUSION

The Court DISMISSES the Complaint without prejudice for lack of subject matter jurisdiction. Should Plaintiffs elect to file an amended complaint to cure the deficiencies identified herein, they shall do so within thirty (30) days of the date of this Order. Failure to meet the thirty-day deadline to file an amended complaint, or failure to cure the deficiencies identified in this Order, will result in a dismissal with prejudice. Plaintiffs may not add new parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: January 16, 2015

_____
LUCY H. KOH
United States District Judge