1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

12

13

14

15

16

17

| | |
|---|---|
| ANTONIO A. JULIO, et al., | Case No. 14-CV-03059-LHK |
| Plaintiffs, | **ORDER VACATING ORDER TO SHOW CAUSE AND GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE** |
| v. | |
| ONEWEST BANK, FSB, et al., | |
| Defendants. | Re: Dkt. No. 34, 39 |

18

19

20

21

22

23

24

25

Plaintiffs Antonio A. Julio and Cleopatra U. Julio ("Plaintiffs") bring this action against OneWest Bank, FSB ("OneWest"). Before the Court is OneWest's Motion to Dismiss Plaintiffs' Amended Complaint in its entirety. ECF No. 34 ("Motion"). Plaintiffs failed to file an opposition. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the June 25, 2015 hearing on this Motion. Having considered OneWest's Motion, the record in this case, and the applicable law, the Court VACATES its May 26, 2015 Order to Show Cause and the June 11, 2015 Show Cause Hearing and DISMISSES with prejudice Plaintiffs' Amended Complaint for lack of subject matter

26

1

27

28

jurisdiction.

## I.    BACKGROUND

### A.    Factual Background

Plaintiffs are husband and wife, and according to documents attached to their Complaint, residents of Santa Clara County, California.  ECF No. 1 ("Compl.") ¶ 1.  On December 16, 2003, Plaintiffs executed a deed of trust in connection with a $377,600 loan secured by the property located at 3407 Rio Brave Drive, San Jose, California.  Compl. Ex. A ("Deed of Trust").  The Deed of Trust named Seaside Financial Corporation as the trustee, and First Federal Bank of California ("First Federal") as the beneficiary.  *Id.*  The Deed of Trust was recorded in the Santa Clara County Recorder's Office on December 30, 2003 as instrument number 17551668.  *Id.*

On March 29, 2010, First Federal executed a corporate assignment of instrument number 17551668, assigning First Federal's rights to OneWest.  *Id.* Ex. C ("Corporate Assignment").  The Corporate Assignment was recorded in the Santa Clara County Recorder's Office on April 26, 2010 as instrument number 20689304.  *Id.*

Plaintiffs also attached to their Complaint a substitution of trustee, dated March 4, 2009. *Id.* Ex. B ("Substitution of Trustee").  The Substitution of Trustee pertains to instrument number 18380777, *see id.*, which is not attached to or described in Plaintiffs' Complaint, *see generally* Compl.  According to the Substitution of Trustee, New Century Title Company, the original trustee, substituted Regional Service Corporation as the successor trustee under the relevant deed of trust.  *Id.* Ex. B.

### B.    Procedural Background

On July 3, 2014, Plaintiffs filed the instant lawsuit in this Court.  *See* Compl.  Plaintiffs assert claims for "illegal recording of substitution of trustee and corporate assignment of deed of trust"; "fraud, misleading, and intentional misrepresentation"; "conspiracy"; and "unfair deceptive business practices act for making a false document."  *Id.* at 1.  Plaintiffs claim that the Substitution

United States District Court
Northern District of California

2

of Trustee was "fabricated, forged, [and] false document." *Id.* ¶ 8.  Plaintiffs appear to base this

allegation on the fact that the Substitution of Trustee references different parties, such as New

Century Title Company, than the Deed of Trust.  *Id.* ¶ 7.  Plaintiffs further appear to allege that

because the Substitution of Trustee was fabricated or forged, the Corporate Assignment recorded

by OneWest was "illegal." *Id.* ¶ 9.  Plaintiffs further allege that a signature which appears on the

Corporate Assignment was "no[t] bona fide" and was signed by a robo-signer.  *Id.* ¶¶ 11, 15.

Plaintiffs also claim that mortgage loans executed in connection with their property were

improperly or illegally securitized, and that this improper securitization rendered subsequent

transfers of the Deed of Trust invalid.  *Id.* ¶¶ 19-21.  Plaintiffs cite two statutes in their Complaint

as the bases for their cause of action: 18 U.S.C. § 1001, and California's Unfair Deceptive

Business Practices Act.  *Id.* ¶¶ 8, 23.

On August 14, 2014, OneWest filed a motion to dismiss.  ECF No. 4.  OneWest moved

pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' Complaint on the

grounds that Plaintiffs failed to allege any actual injury and therefore lacked the requisite standing

to bring a lawsuit, and that Plaintiffs failed to state any claim for relief.  *Id*. at 4-5.  Plaintiffs filed

an opposition to the motion to dismiss on January 14, 2015, more than four months after the

August 28, 2014 deadline imposed by Civil Local Rule 7-3(a).  ECF No. 25.

On January 16, 2015, this Court granted OneWest's motion to dismiss concluding that the

Court lacked subject matter jurisdiction over this action.  ECF No. 27.  Specifically, this Court

determined that, although it cited an inapplicable federal criminal statute, Plaintiffs' Complaint

failed to allege any federal cause of action.  *Id.* at 5.  Moreover, this Court determined that the

parties were not diverse, based on the allegations in the Complaint.  *Id.*  Because this Court is of

limited jurisdiction, the Court dismissed Plaintiffs' Complaint for lack of subject matter

jurisdiction and granted Plaintiffs leave to amend within 30 days.  *Id.* at 6.  The Court concluded:

"failure to cure the deficiencies identified in this Order[] will result in a dismissal with prejudice."

Case No. 14-CV-03059-LHK
ORDER VACATING ORDER TO SHOW CAUSE AND GRANTING DEFENDANTS' MOTION TO DISMISS
AMENDED COMPLAINT WITH PREJUDICE

1    *Id.*

2          On February 17, 2015, Plaintiffs filed an Amended Complaint.  ECF No. 31.  Plaintiffs'

3    Amended Complaint is almost identical to the original Complaint, asserting the same claims and

4    the same California residence of both Plaintiffs and OneWest.  *See id.*  Moreover, while Plaintiffs

5    removed the prior citation to the federal criminal statute, Plaintiffs' Amended Complaint fails to

6    cite even a single federal statute.  *See id.*

7          On March 2, 2015, OneWest filed the instant Motion.  ECF No. 34.  Pursuant to Civil

8    Local Rule 7-3(a), Plaintiffs' opposition to OneWest's Motion to dismiss was due on March 16,

9    2015.  Plaintiffs failed to file either an opposition to Defendants' Motion or a statement of non-

10   opposition to Defendants' Motion, as required by the Local Rules.  On May 26, 2015, this Court

11   ordered Plaintiffs to show cause why this case should not be dismissed with prejudice for failure

12   to prosecute and set a hearing for June 11, 2015, at 1:30 p.m.  ECF No. 39.

13         On June 3, 2015, Plaintiffs requested "an extension of time for 30 days to show cause" and

14   30 days for Opposition on Defendant's Motion to Dismiss."  ECF No. 43.  Specifically, Plaintiffs

15   contend that good cause for an extension exists "based on the fact that the Plaintiff[s] in this case

16   ha[ve] no Attorney and they are Pro Se Litigants."  *Id.*

17   **II.       LEGAL STANDARD**

18         **A.       Motion to Dismiss**

19         Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

20   action for failure to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell*

21   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

22   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

23   defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

24   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

25   unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For

26

27   Case No. 14-CV-03059-LHK
     ORDER VACATING ORDER TO SHOW CAUSE AND GRANTING DEFENDANTS' MOTION TO DISMISS
28   AMENDED COMPLAINT WITH PREJUDICE

4

United States District Court
Northern District of California

purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### B.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and a cause of action is presumed to lie outside this limited jurisdiction until the party asserting jurisdiction establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A district court has a continuing obligation to determine if it has subject matter jurisdiction. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983). If a district court does not have proper subject matter

Case No. 14-CV-03059-LHK
ORDER VACATING ORDER TO SHOW CAUSE AND GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT WITH PREJUDICE

1    jurisdiction, then that district court must dismiss the matter. *Id*; *see also* Fed. R. Civ. P. 12(h)(3)

2    ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

3    dismiss the action."). A federal court generally may not rule on the merits of a case without first

4    determining that the court has subject matter jurisdiction. *See Sinochem Int'l Co. v. Malay. Int'l*

5    *Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

6    **III.      DISCUSSION**

7        **A.      Order to Show Cause**

8           In response to this Court's Order to Show Cause, Plaintiffs requested extensions of time to

9    respond to this Court's show-cause Order and to file an opposition to OneWest's Motion.

10   Plaintiffs' requests are DENIED. Although the Court construes pleadings liberally in their favor,

11   "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.

12   1995). In this case, Plaintiffs' opposition to OneWest's Motion is more than two months late and

13   the hearing on OneWest's Motion is two weeks away, on June 18, 2015. Moreover, the Court

14   observes, Plaintiffs' opposition (ECF No. 25) to OneWest's first Motion to Dismiss (ECF No. 4)

15   was more than four months late. *See* ECF No. 27.

16          However, because Plaintiffs have filed a response to this Court's Order to Show Cause,

17   this Court will not dismiss Plaintiffs' case for failure to prosecute. The Court's Order to Show

18   Cause is hereby VACATED. The Court will now address the merits of OneWest's Motion.

19       **B.      OneWest's Motion to Dismiss**

20          OneWest argues that Plaintiffs' Amended Complaint is largely identical to Plaintiffs'

21   original complaint and, therefore, should be dismissed for the same reasons articulated in this

22   Court's prior Order dismissing Plaintiffs' Complaint. ECF No. 34 at 3-4. The Court agrees.

23          The Court once again finds that Plaintiffs have failed to establish that this Court has

24   jurisdiction over the parties' dispute. Plaintiffs' original Complaint was dismissed for lack of

25   subject matter jurisdiction for (a) lack of federal question jurisdiction (the Complaint failed to

26

27

28

Case No. 14-CV-03059-LHK
ORDER VACATING ORDER TO SHOW CAUSE AND GRANTING DEFENDANTS' MOTION TO DISMISS
AMENDED COMPLAINT WITH PREJUDICE

United States District Court
Northern District of California

United States District Court
Northern District of California

1    allege a federal cause of action), and (b) lack of diversity jurisdiction (the Complaint alleged that

2    each party was a resident of California).  ECF No. 27 at 5-6.  Plaintiffs' Amended Complaint

3    suffers from the same deficiencies.  First, Plaintiffs' Amended Complaint fails to cite even a single

4    federal statute or allege a single federal cause of action.  ECF No. 31.  Accordingly, even under a

5    liberal construction of their Amended Complaint, Plaintiffs fail to establish that federal question

6    jurisdiction exists under 28 U.S.C. § 1331.  Second, Plaintiffs' Amended Complaint alleges that

7    each party resides in California.  ECF No. 31 at 2.  Accordingly, diversity jurisdiction cannot

8    provide a basis for this Court's exercise of jurisdiction.  Plaintiffs have again failed to meet their

9    burden to demonstrate that federal subject matter jurisdiction exists in this case.  Accordingly, the

10   Court DISMISSES Plaintiffs' Amended Complaint.

11         Plaintiffs have been unable to establish that this Court has jurisdiction despite having an

12   opportunity to amend their Complaint after the Court specifically identified these deficiencies and

13   informed Plaintiffs how to overcome these deficiencies.  *See* ECF No. 27 at 6 ("It is possible that

14   Plaintiffs could cure the deficiencies identified in their Complaint by, for instance, pointing to a

15   federal statute that would provide the foundation for at least one of their asserted causes of

16   action.").  This Court also previously warned Plaintiffs that "failure to cure the deficiencies

17   identified in this Order[] will result in dismissal with prejudice."  ECF No. 27 at 6.  As explained

18   above, Plaintiffs have indeed failed to cure the deficiencies identified in the Court's prior Order.

19   Accordingly, the Court hereby DISMISSES with prejudice Plaintiffs' Amended Complaint

20   because of Plaintiffs' repeated failure to cure these deficiencies and the futility of further

21   amendment.  *Carvalho*, 629 F.3d at 892–93.

22   **IT IS SO ORDERED.**

23

24   Dated: June 5, 2015                          *Lucy H. Koh*

25                                                LUCY H. KOH
                                                 United States District Judge

26

27
     Case No. 14-CV-03059-LHK
     ORDER VACATING ORDER TO SHOW CAUSE AND GRANTING DEFENDANTS' MOTION TO DISMISS
28   AMENDED COMPLAINT WITH PREJUDICE